## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ZURICH AMERICAN INSURANCE COMPANY**, a foreign corporation; and **FIDELITY AND DEPOSIT COMPANY OF MARYLAND**, a foreign corporation, <br><br> Plaintiffs, <br><br> v. <br><br> **EMERICK CONSTRUCTION, INC.**, an Oregon corporation, also known as Emerick Construction Company; **EMERICK RESIDENTIAL BUILDERS LLC**, an Oregon limited liability company; **LAWRENCE SITZ**; **BARBARA SITZ**; **COREY LOHMAN**; and **STACY LOHMAN**, <br><br> Defendants. | Case No. 3:25-cv-00166-IM <br><br> **OPINION AND ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT, GRANTING IN PART MOTION FOR ENTRY OF DEFAULT JUDGMENT, AND DENYING MOTION FOR PRELIMINARY INJUNCTION** |

Paul K. Friedrich, Friedrich & Dishaw, PLLC, 92 Lenora Street, Suite 119, Seattle, WA 98121. Attorney for Plaintiffs.

James W. Hendry, Brownstein Rask, LLP, 1 SW Columbia Street, Suite 900, Portland, OR 97204. Attorney for Defendants Lawrence Sitz and Barbara Sitz.

**IMMERGUT, District Judge.**

PAGE 1 – OPINION & ORDER ON MOTION FOR DEFAULT JUDGMENT, MOTION FOR PRELIMINARY INJUNCTION, & MOTION TO SET ASIDE ENTRY OF DEFAULT

Plaintiffs Zurich American Insurance Company and Fidelity and Deposit Company of Maryland, a subsidiary of Plaintiff Zurich, filed this breach of contract action on January 30, 2025, ECF 1, and moved for a preliminary injunction, ECF 4. No Defendant appeared or responded to the motion, and the Clerk of Court entered default against all Defendants: Emerick Construction Inc., Emerick Residential Builders LLC, Barbara Sitz, Lawrence Sitz, Stacy Lohman, and Corey Lohman. ECF 18, 23, 26. Plaintiffs then moved for default judgment, ECF 27, and Defendants Barbara and Lawrence Sitz ("the Sitzes") appeared and moved to set aside the entry of default, ECF 33. For the following reasons, the Sitzes' motion to set aside the entry of default is granted, Plaintiffs' motion for entry of default judgment is denied as to the Sitzes and otherwise granted, and Plaintiffs' motion for preliminary injunction is denied as moot.

## BACKGROUND[1]

In 2018, Zurich entered into an Indemnity Agreement with Defendants Emerick Construction, Lawrence Sitz, Barbara Sitz, Corey Lohman, and Stacy Lohman. General Indemnity Agreement, ECF 1-1, Ex. A. The remaining Defendant, Emerick Residential, was added as an indemnitor in 2023 by executing an Indemnity Agreement Rider. ECF 4-1, Ex. B.

Zurich and the Defendants executed the Agreement pursuant to Zurich's issuance of $509,744,557.98 in surety bonds on behalf of Emerick Construction in relation to a number of public works construction projects in Oregon. Complaint ("Compl."), ECF 1 ¶ 25. Defendants agreed that if Emerick Construction defaulted on its construction projects and the project owners made claims on Zurich under the bonds, Defendants would indemnify Zurich for the cost of such

---

[1] The following facts are taken from Plaintiffs' Complaint, ECF 1, and attached exhibits. Upon default, this Court accepts all well-pleaded factual allegations of the complaint as true, except the amount of claimed damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

claims. General Indemnity Agreement, ECF 1-1, Ex. A ¶ 2. Defendants agreed that they would

pay Zurich on demand an amount sufficient to discharge any claims made against the bonds, *id.*

¶ 4, and to transfer collateral to secure the obligations, *id.* ¶ 5, and that failure to do so would

constitute default and entitled Zurich to injunctive relief or specific performance. *Id.* ¶¶ 16, 30.

Further, the Agreement provides Zurich with "the right to access, examine and copy the books,

records and accounts" of the Defendants. *Id.* ¶ 11.

Plaintiffs allege that Zurich has received bond claims totaling $11,139,776.42. Compl.,

ECF 1 ¶ 35. Plaintiffs sent Defendants demands in August, September, and November 2024, as

well as January 2025. Demand Letters, ECF 1-1, Ex. C–F.

Plaintiffs filed the Complaint on January 30, 2025. ECF 1. They assert claims for breach

of contract, specific performance, and injunctive relief. *Id.* ¶¶ 41–64. Plaintiffs filed a motion for

preliminary injunction the next day. ECF 4. On February 18, 2025, Plaintiffs filed proof of

service for Defendants Lawrence Sitz, ECF 6, Barbara Sitz, ECF 7, Emerick Residential, ECF 8,

and Emerick Construction, ECF 9 ("served Defendants"). The served Defendants did not respond

to Plaintiffs' motion for preliminary injunction, even after this Court extended the deadline.

Scheduling Order, ECF 10. This motion remains pending.

No Defendant has filed an answer. On March 4, 2025, Plaintiffs moved for entry of

default against the served Defendants, ECF 16, which the Clerk of Court granted, ECF 18. On

March 7, 2025, Plaintiffs filed proof of service for Corey Lohman, ECF 19, and waiver of

service for Stacy Lohman, ECF 20. On March 27, 2025, Plaintiffs moved for entry of default

against Corey Lohman, ECF 21, and the Clerk of Court entered default, ECF 23. On April 29,

2025, Plaintiffs moved for entry of default against Stacy Lohman, ECF 24, and the Clerk of

Court entered default, ECF 26.

On May 1, 2025, Plaintiffs moved for default judgment against Defendants, ECF 27. This Court ordered that Plaintiffs provide supplemental briefing addressing the default judgment factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Order, ECF 30. On May 9, 2025, Plaintiffs filed the supplemental briefing. ECF 31. Two days later, Defendants Barbara and Lawrence Sitz entered an appearance, ECF 32, and moved to set aside the entry of default, ECF 33. Plaintiffs responded, ECF 37, and the Sitzes filed a Reply, ECF 38.

DISCUSSION

This Court first addresses the Sitzes' motion to set aside the entry of default against them. Finding that the Sitzes have shown good cause, this Court grants their motion and turns to Plaintiffs' motion for entry of default judgment. This Court grants Plaintiffs' motion against Defendants aside from the Sitzes, and enters default judgment accordingly. Finally, this Court denies Plaintiffs' motion for preliminary injunction as moot.

## A.  Motion to Set Aside Entry of Default ("MSA")

"[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citation omitted). Thus, a court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Court must apply Rule 55 liberally, and doubts must be resolved in favor of the moving party. *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987); *see Mesle*, 615 F.3d at 1091 n.1.

To determine good cause, the court weighs three factors: (1) whether the defendant "engaged in culpable conduct that led to the default;" (2) whether the defendant lacked a "meritorious defense;" and (3) whether setting aside the default would prejudice the plaintiff. *Mesle*, 615 F.3d at 1091. The moving party bears the burden of establishing good cause. *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004).

PAGE 4 – OPINION & ORDER ON MOTION FOR DEFAULT JUDGMENT, MOTION FOR PRELIMINARY INJUNCTION, & MOTION TO SET ASIDE ENTRY OF DEFAULT

After considering these factors, this Court concludes that the Sitzes have demonstrated good cause to set aside the entry of default against them.

### 1. Culpable Conduct

Conduct is "culpable" if the defendant "received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (emphasis in original). "Intentionally" means that the defendant "acted with bad faith." *Id.* Bad faith is more than making "a conscious choice not to answer." *Id.* Examples of bad faith include "an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Id.* (citation omitted).

There is no evidence that the Sitzes engaged in any culpable conduct that led to the default. Mr. Sitz is a former shareholder and CEO of Defendant Emerick Construction. Declaration of Lawrence Sitz ("L. Sitz Decl."), ECF 35 ¶ 4. In 2020, he entered into a Buyout Agreement with Emerick Construction and Defendant Corey Lohman, president of Emerick Construction, to sell Mr. Lohman his shares of stock and leave his role as CEO. *Id.* ¶ 5. Mr. Sitz states that, as part of his buyout, he and Mrs. Sitz "were not to be named on any future bonds for Emerick Construction." *Id.* Mr. Sitz states that Zurich was aware of this arrangement and did not ask him for his financial information after 2021. *Id.* ¶¶ 7–8. Mr. Sitz states that the bonds at issue in this lawsuit were issued after the execution of the Buyout Agreement. *Id.* ¶ 6.

Mr. Sitz states that, after being served with the Complaint, he believed he did not need to take any action because Mr. Lohman told him that he did not presently need to participate in the litigation. *Id.* ¶¶ 11, 13. Mrs. Sitz states that she relied on Mr. Sitz's understanding from Mr. Lohman that she did not need to participate. Declaration of Barbara Sitz ("B. Sitz Decl."), ECF 36 ¶ 6. The Sitzes were not represented by legal counsel in this matter before or at the time the Clerk entered default on March 7, 2025. *Id.* ¶ 7; L. Sitz Decl., ECF 35 ¶ 12. On April 29, 2025,

PAGE 5 – OPINION & ORDER ON MOTION FOR DEFAULT JUDGMENT, MOTION FOR PRELIMINARY INJUNCTION, & MOTION TO SET ASIDE ENTRY OF DEFAULT

Mr. Lohman told Mr. Sitz to obtain legal counsel, and the Sitzes promptly did so. L. Sitz Decl.,

ECF 35 ¶¶ 14-15; B. Sitz Decl., ECF 36 ¶¶ 9-10.[2]

The Sitzes' "conscious choice not to answer" the Complaint based on their understanding

from a co-defendant that their participation was not yet required, when unrepresented by counsel,

does not amount to bad faith. *Mesle*, 615 F.3d at 1092.

Plaintiffs argue that, given Mr. Sitz's prior role as CEO and involvement with legal

agreements, the Sitzes are legally sophisticated parties. Response ("Resp."), ECF 37 at 5. "When

considering a legally sophisticated party's culpability in a default, an understanding of the

consequences of its actions may be assumed, and with it, intentionality." *Mesle*, 615 F.3d at

1093. *But see HTP, Inc. v. First Merit Grp. Holdings, Inc.*, No. 22-35184, 2022 WL 17958638,

at *2 (9th Cir. Dec. 27, 2022) (noting the Ninth Circuit has "at times still examined the

sophisticated defendant's intent"). This Court does not find on this record that the Sitzes are

legally sophisticated. The Sitzes are not lawyers and were unrepresented at the time of default,

*see Mesle*, 615 F.3d at 1093, and even if they are familiar with contracts, there is no indication

that Mr. or Mrs. Sitz has experience with lawsuits or the litigation process.

Plaintiffs point out that the Ninth Circuit has held that culpable conduct exists where a

defendant failed to appear due to a purported side-agreement with opposing counsel to extend the

filing deadlines without seeking the court's permission. Resp., ECF 37 at 6 (citing *Franchise

Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004)). This is not

---

[2] The Sitzes also submitted a Declaration of Mr. Lohman, ECF 34, which is consistent
with the Sitzes' declarations.

Plaintiffs argue that Mr. Lohman's purported statements to Mr. Sitz are inadmissible
hearsay, Resp., ECF 37 at 7, 11, however, they are admissible as to their effect on Mr. Sitz's
subsequent actions.

the case here. Unlike in *Franchise Holding II*, the Sitzes were not engaged in negotiations with Plaintiffs; rather had a good-faith belief that their participation in the case was not required. This factor weighs in favor of setting aside the entry of default.

### 2. Meritorious Defenses

As to the second factor, the defendant must "allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094. This is a "minimal" burden. *Id.* The Sitzes have raised factual disputes that give rise to potentially meritorious defenses.

The Sitzes anticipate asserting the defense that "Zurich entered into a new indemnity agreement with Emerick Construction" in 2022 "in which the Sitzes were not a party" and thus "were no longer indemnitors" under the 2018 Agreement. MSA, ECF 33 at 8. The Sitzes argue that they "have raised a factual dispute of whether Zurich and Emerick intended that the Sitzes would not be liable for bonds underwritten after the execution of the 2022 Indemnity Agreement," as well as possibly for bonds issued between 2018 and 2022. Reply, ECF 38 at 7–8. They also maintain that the 2018 Agreement "is ambiguous as to what the parties intended by omitting the Sitzes from the 2022 [Agreement]." *Id.* at 8.

Based on these facts, the Sitzes may be able to state a claim for equitable estoppel. Under this doctrine, "a person may be precluded by his act or conduct, or silence when it was his duty to speak, from asserting a right which he otherwise would have had." *Day v. Advanced M & D Sales, Inc.*, 336 Or. 511, 518 (2004). Based on the facts presented, there may be other potential equitable defenses which warrant setting aside the entry of default. This factor weighs in favor of setting aside the entry of default.

### 3. Prejudice

Finally, as to prejudice, the harm must be greater "than simply delaying resolution of the case." *Mesle*, 615 F.3d at 1095 (citation omitted). Plaintiffs will not be prejudiced by the setting

PAGE 7 – OPINION & ORDER ON MOTION FOR DEFAULT JUDGMENT, MOTION FOR PRELIMINARY INJUNCTION, & MOTION TO SET ASIDE ENTRY OF DEFAULT

aside of the default. Plaintiffs commenced this case five months ago. Plaintiffs have not provided any evidence that this brief delay would "result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion" or in any way hinder Plaintiffs' ability to pursue their claims. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001) (citation omitted). Being forced to litigate on the merits, and the ensuing costs, is not prejudicial. *Id.*

Plaintiffs merely argue that delay is "pointless" and therefore prejudicial. Resp., ECF 37 at 15. Given the potential defenses, this Court cannot agree that litigation would be pointless. Instead, it honors the judiciary's "commitment to deciding cases on the merits whenever possible." *Mesle*, 615 F.3d at 1091.

All three factors are satisfied, and the record is devoid of any "extreme circumstances" warranting default. This Court finds good cause to set aside the entry of default as to Lawrence and Barbara Sitz.

## B.  Motion for Entry of Default Judgment

This Court first determines whether it has jurisdiction over this case and Defendants Emerick Construction, Emerick Residential, Corey Lohman, and Stacy Lohman, and if venue is proper. This Court then assesses whether default judgment is warranted and what relief to provide.

### 1.  Jurisdiction and Venue

Before entering default judgment against a non-appearing party, district courts have an affirmative duty to consider subject-matter and personal jurisdiction. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). This Court finds that it has jurisdiction over this case and over Defendants. This Court also addresses venue and finds that venue is proper in this District.

Plaintiffs have sufficiently established subject-matter jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiff Zurich is incorporated in New York and has its principal place of business in Illinois, Compl., ECF 1 ¶ 1, and is thus a citizen of both states. Plaintiff Fidelity is a citizen of Illinois: it is incorporated in Illinois and has its principal place of business there. *Id.* Defendant Emerick is incorporated in Oregon and has its principal place of business there, *id.* ¶ 2, and is thus an Oregon citizen. Defendant Emerick Residential is a limited liability company and its sole managing member is an Oregon resident, *id.* ¶ 3, so it is an Oregon citizen. Defendants Corey and Stacy Lohman reside in Oregon, *id.* ¶¶ 6–7, and are Oregon citizens. Complete diversity exists. The amount in controversy exceeds $75,000. *Id.* ¶ 50. The diversity jurisdiction requirements are met.

Plaintiffs have established personal jurisdiction. Defendants reside or are incorporated in Oregon and are thus "at home" in this District.

Venue is proper in the District of Oregon as all Defendants reside in Oregon.

### 2. *Eitel* Factors

The Ninth Circuit has established factors to guide a district court's decision whether to enter a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Each is discussed in turn.

### a. Factor 1: Prejudice to Plaintiffs

Plaintiffs would be prejudiced if default judgment is not entered. Plaintiffs have demanded several times that Defendants indemnify Plaintiffs and post collateral as required by

PAGE 9 – OPINION & ORDER ON MOTION FOR DEFAULT JUDGMENT, MOTION FOR PRELIMINARY INJUNCTION, & MOTION TO SET ASIDE ENTRY OF DEFAULT

the Indemnity Agreement and Defendants have not done so. *See* Demand Letters, ECF 1-1, Exs. C-F. "If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### b.  Factors 2 and 3: Merits and Sufficiency of the Complaint

This Court considers the second and third *Eitel* factors together. *Viet. Reform Party v. Viet Tan – Viet. Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (noting these factors are often considered together). Together, these factors require that the plaintiff's allegations "state a claim on which the [plaintiff] may recover." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (Kennedy, J.). All well-pleaded factual allegations are taken as true, except the amount of claimed damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

To state a claim for breach of contract under Oregon law, the plaintiff must allege "the existence of a contract, its relevant terms, and a breach by defendant that resulted in damage to plaintiff." *Huskey v. Oregon Dep't of Corr.*, 373 Or. 270, 275 (2025). The breach must be material, meaning "it goes to the very substance of the contract and defeats the object of the parties in entering into the contract." *In re Est. of Bisio*, 33 Or. App. 325, 331 (1978).

Plaintiffs state a claim for breach of contract. Under the Indemnity Agreement, Plaintiffs have the right to be indemnified by Defendants for any loss incurred for posting the bonds and for Defendants to provide collateral security. Plaintiffs allege that Zurich has received bond claims totaling $11,139,776.42. Compl., ECF 1 ¶ 35. "Any claim asserted against the surety, regardless if it is valid or outside the scope of the bond triggers the obligation to indemnify the surety." *Fireman's Fund Ins. Co. v. Nizdil*, 709 F. Supp. 975, 976–77 (D. Or. 1989). Plaintiffs allege that Defendants refused to post collateral or indemnify Plaintiffs. Compl., ECF 1 ¶ 32. This failure substantially undermines the basis of the Indemnity Agreement and constitutes a

PAGE 10 – OPINION & ORDER ON MOTION FOR DEFAULT JUDGMENT, MOTION FOR PRELIMINARY INJUNCTION, & MOTION TO SET ASIDE ENTRY OF DEFAULT

material breach. *See N. Am. Specialty Ins. Co. v. Access Equip. Rental, LLC*, No. 03:12-CV-02105-HZ, 2013 WL 1150002, at *2 (D. Or. Mar. 15, 2013); *Ins. Co. of the W. v. Kuenzi Commc'ns, LLC*, No. CIV. 09-6102-AA, 2009 WL 2731349, at *3 (D. Or. Aug. 26, 2009). Plaintiffs' breach of contract claim is meritorious.

### c.    Factor 4: Sum of Money at Stake

Plaintiffs request $13,723,896.20 in damages. Mot., ECF 27 at 9. Although this sum is considerable, it is based exclusively on the Indemnity Agreement between the parties. Thus, the sum at stake is "tailored to the specific misconduct of the defendant[s]." *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100 (N.D. Cal. 2014). This factor does not favor or disfavor default judgment.

### d.    Factor 5: Possibility of Factual Dispute

This factor considers whether a dispute of material facts is likely. Generally, "[t]he interpretation of a contract is a mixed question of law and fact." *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 367 (9th Cir. 1985). Since Defendants Emerick Construction, Emerick Residential, Corey Lohman, and Stacy Lohman, did not answer the Complaint or otherwise appear despite being served, they are deemed to have admitted all well-pleaded material facts alleged in the complaint. *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 851 (9th Cir. 2007). This factor thus weighs in favor of a default judgment.

### e.    Factor 6: Excusable Neglect

Defendants Emerick Construction, Emerick Residential, Corey Lohman, and Stacy Lohman, were properly served. *See* Affidavits of Service, ECF 8–9, 19; Waiver of Service, ECF 20. Default "cannot be attributed to excusable neglect" when the defendants were properly served. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001); *see Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012)

PAGE 11 – OPINION & ORDER ON MOTION FOR DEFAULT JUDGMENT, MOTION FOR PRELIMINARY INJUNCTION, & MOTION TO SET ASIDE ENTRY OF DEFAULT

(noting this factor "favors default judgment when the defendant has been properly served").

Corey Lohman signed a declaration for this case that the Sitzes filed. ECF 34. In addition,

"Plaintiffs have made numerous, albeit unsuccessful, attempts to contact Defendant[s] to achieve

a settlement of this matter." *PepsiCo*, 238 F. Supp. 2d at 1177; *see* Demand Letters, ECF 1-1,

Exs. C–F. The possibility that these entries of default were due to excusable neglect is low.

### f.  Factor 7: Policy Preference for Merits Decisions

This factor considers the strong policy preference for decisions on the merits. *See Eitel*,

782 F.2d at 1472 (stating that cases "should be decided on the merits whenever reasonably

possible"). However, "the mere existence of Fed. R. Civ. P. 55(b) indicates that this preference,

standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). The

failure of Defendants Emerick Construction, Emerick Residential, Corey Lohman, and Stacy

Lohman to participate in this action makes a decision on the merits "impracticable, if not

impossible." *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010)

(citing *id.*). When, as here, Defendants have failed to appear despite being served, this factor is

outweighed by the other factors.

### 3.  Remedies

Plaintiffs request damages, specific performance, and injunctive relief. Mot., ECF 27 at 9.

This Court awards the requested relief.

### a.  Damages

Plaintiffs request $13,723,896.20 in damages. *Id.* The Indemnity Agreement states that

"[a]n itemized statement of Loss, sworn to by any officer of [Zurich], or the voucher or other

evidence of any payment, shall be *prima facie* evidence of the fact, amount and extent of the

liability of [Defendants] for such Loss." ECF 1-1, Ex. A ¶ 1. Plaintiffs provided such a

statement, the Declaration of James Hamel ("Hamel Decl."), ECF 28, and its attached exhibits,

PAGE 12 – OPINION & ORDER ON MOTION FOR DEFAULT JUDGMENT, MOTION FOR
PRELIMINARY INJUNCTION, & MOTION TO SET ASIDE ENTRY OF DEFAULT

ECF 28-1. The amount Plaintiffs seek to recover is the amount Defendants are contractually

obligated to pay under the Indemnity Agreement and Rider. *See* Hamel Decl., ECF 28 ¶ 3

(stating that these claims "resulted directly from Emerick's actions and/or inactions on the

Projects that Plaintiffs had agreed to bond in reliance upon Defendants' promises made under the

[2018] Indemnity Agreement" and not for some other bonds). Defendants Emerick Construction,

Emerick Residential, Corey and Stacy Lohman, are ordered to pay Plaintiffs $13,723,896.20 in

damages.

### b. Specific Performance

Plaintiffs seek specific performance of the collateral security provision because they

anticipate additional substantial claims amounting to $8,421,993.80. Mot., ECF 27 at 9.

Specific performance is available under Oregon law "only if other remedies are deemed

to be inadequate to protect the nonbreaching party's contractual interests." *Kazlauskas v.*

*Emmert*, 248 Or. App. 555, 569 (2012). Other remedies are not adequate where the surety "knew

it was going to have liability claims filed against it but did not know the amount of those

claims." *Milwaukie Constr. Co. v. Glens Falls Ins. Co.*, 367 F.2d 964, 966 (9th Cir. 1966). The

Ninth Circuit has thus affirmed awards of specific performance of a collateral provision. *See id.*;

*Safeco Ins. Co. v. Schwab*, 739 F.2d 431, 433 (9th Cir. 1984) ("Sureties are ordinarily entitled to

specific performance of collateral security clauses.").

The Indemnity Agreement requires Defendants to "promptly deposit" with Zurich on

demand an amount of money that Zurich "determines is sufficient to fund any liability or Loss,"

which will be used "to pay Loss" or held "as collateral against potential future Loss." ECF 1-1,

Ex. A ¶ 4. If Defendants fail to comply with this provision, Zurich is entitled to specific

performance:

> [Defendants] acknowledge that the failure of [Defendants],
> collectively or individually, to perform or comply with any
> provision of this Agreement shall cause irreparable harm to
> [Zurich] for which [Zurich] has no adequate remedy at law.
> [Defendants] agree that [Zurich] shall be entitled to injunctive
> relief and/or specific performance, and [Defendants] waive any
> claims or defenses to the contrary.

*Id.* ¶ 16.

Plaintiffs are entitled to specific performance of this provision. Defendants assented to

the Indemnity Agreement and are bound by its terms. Plaintiffs have received demands for

payment under the bonds and have demanded that Defendants post collateral security as required

by the Agreement. Defendants have not complied. An order for specific performance of the

collateral security provision is therefore necessary.

Plaintiffs have provided evidence that they anticipate $8,421,993.80 in remaining

anticipated losses. Declaration of James Hamel, ECF 28 ¶¶ 4, 8. Defendants Emerick

Construction, Emerick Residential, Corey Lohman, and Stacy Lohman, are ordered to post

collateral security in the amount of $8,421,993.80, along with any additional amounts necessary

to pay any Loss as defined by the Indemnity Agreement.

### c. Injunctive Relief

Plaintiffs request "injunctive relief to prevent Defendants' dissipation or impairment of

assets available to fulfill their monetary debts and collateral obligations to Plaintiffs." Mot., ECF

27 at 9. The Indemnity Agreement provides for injunctive relief. ECF 1-1, Ex. A ¶ 16.

Under Oregon law,[3] injunctive relief is available to a plaintiff whose "remedy at law is

not full, adequate, and complete." *Or. Growers' Co-op. Ass'n v. Lentz*, 107 Or. 561, 579 (1923).

---

[3] The majority of courts apply state substantive law to decide whether a permanent
injunction is warranted in a diversity jurisdiction case. *New Mexico ex rel. Balderas v. Real Est.*

PAGE 14 – OPINION & ORDER ON MOTION FOR DEFAULT JUDGMENT, MOTION FOR
PRELIMINARY INJUNCTION, & MOTION TO SET ASIDE ENTRY OF DEFAULT

Here, the award of damages is inadequate because Plaintiffs anticipate claims will continue to be made on the bonds. This Court therefore restricts Defendants Emerick Construction, Emerick Residential, Corey Lohman, and Stacy Lohman, from selling, transferring, alienating or otherwise encumbering any of the Defendants' assets until they post the requisite collateral.

## C.  Motion for Preliminary Injunction

Because this Court largely grants Plaintiffs' Motion for Entry of Default Judgment and enters a permanent injunction, Plaintiffs' Motion for Preliminary Injunction, ECF 4, is denied as moot.

## CONCLUSION

The Sitz Defendants' Motion to Set Aside Entries of Default, ECF 33, is GRANTED. The Clerk's Entry of Default as to Lawrence and Barbara Sitz, ECF 18, is SET ASIDE. Lawrence and Barbara Sitz shall file a responsive pleading within twenty-one days of the issuance of this Opinion.

Plaintiffs' Motion for Entry of Default Judgment, ECF 27, is GRANTED IN PART. Default judgment is ENTERED in favor of Plaintiffs in the amount of $13,723,896.20 against Defendants Emerick Construction, Emerick Residential, Corey Lohman, and Stacy Lohman. Emerick Construction, Emerick Residential, Corey Lohman, and Stacy Lohman are ORDERED to post collateral security to Plaintiffs in the amount of $8,421,993.80 plus any additional amounts necessary to pay any Loss as defined by the Indemnity Agreement. Emerick Construction, Emerick Residential, Corey Lohman, and Stacy Lohman are ORDERED to not

---

*L. Ctr., P.C.*, 401 F. Supp. 3d 1229, 1351 n.93 (D.N.M. 2019) (collecting cases). Plaintiffs are entitled to injunctive relief under both federal and state law.

sell, transfer, alienate, or otherwise encumber any of their assets until they post the requisite

collateral.

Plaintiffs' Motion for Preliminary Injunction, ECF 4, is DENIED as moot.

**IT IS SO ORDERED.**

DATED this 16th day of June, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge